UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAVERNE STEWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03177-JMS-TAB |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO CONTINUE DISCOVERY DEADLINE**

This cause is before the Court on Plaintiff's motion to continue discovery deadline.[1] [Filing No. 40.]  Plaintiff seeks to continue this deadline for 60 days from January 12, 2022, to March 13, 2022.  Plaintiff asserts the continuance is required because, due to Covid-19, Defendant's Rule 30(b)(6) representative was not available to give deposition testimony as scheduled on January 11, 2022.  The Court agrees that this provides good cause for the requested continuance, and Defendant does not object.

That being said, the Court adds the following important caveat: extending the deadline by 60 days to permit this Rule 30(b)(6) deposition does not mean the Court will extend the deadline for Plaintiff to respond to Defendant's motion for summary judgment.  While Plaintiff did not ask to extend this deadline, the Court will not permit Plaintiff to piecemeal her way there by now asking to extend the discovery deadline, then coming back later and stating that as a result of this continuance the summary judgment response deadline also must be continued.  Indeed, the Court

---

[1] In actuality, Plaintiff is seeking to continue the deadline only to take a Rule 30(b)(6) deposition, not for other discovery purposes.  The discovery deadline expired on October 11, 2021 [Filing No. 14], though as discussed in this order the Court already extended the deadline to complete this Rule 30(b)(6) deposition.

already denied a similar request by Defendant.  [Filing No. 38.]  This denial forced Defendant to meet the January 11, 2022, dispositive motions deadline, which Defendant did.  [Filing No. 41.]

      This case has been pending in this Court since December 11, 2020.  There has been ample time to take a Rule 30(b)(6) deposition in anticipation of a dispositive motion. This is not a complicated case; it involves a claim of negligence involving a slip and fall on Defendant's premises.  In addition, the Court already granted Plaintiff's request to enlarge the deadline to take the Rule 30(b)(6) deposition by 90 days.  [Filing No. 34.]  The Court thereafter directed the parties to expedite the taking of this Rule 30(b)(6) deposition.  [Filing No. 38.]  The Court did so for good reason, given that Defendant's summary judgment motion must be fully briefed and resolved sufficiently in advance of the July 25, 2022, trial date.

      Accordingly, Plaintiff's motion to continue the discovery deadline [Filing No. 40] is granted to the extent that the deadline to complete the Defendant's Rule 30(b)(6) deposition is enlarged to March 13, 2022.  However, in doing so, the Court makes clear that the record does not support Plaintiff returning to the Court and asking for an extension of time to respond to Defendant's dispositive motion so that Plaintiff can utilize the anticipated Rule 30(b)(6) deposition in opposing summary judgment.

Date: 1/14/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jessica N. Hamilton
KOPKA PINKUS DOLIN PC (Carmel)
jnhamilton@kopkalaw.com

Phillip D. Olsson
KEN NUNN LAW OFFICE
philo@kennunn.com

Leslie B. Pollie
KOPKA PINKUS DOLIN PC (Carmel)
lbpollie@kopkalaw.com

Melissa J. Wray
KOPKA PINKUS DOLIN PC (Carmel)
mjwray@kopkalaw.com